Cite as 2026 Ark. App. 250

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-25-58

| | |
|---|---|
| REBECCA TAYLOR AND CATHY WOOTEN<br><br>APPELLANTS<br><br>V.<br><br>CITY OF EL DORADO<br>APPELLEE | Opinion Delivered April 22, 2026<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. 70CV-18-66]<br><br>HONORABLE RYAN PHILLIPS, JUDGE<br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellants Rebecca Taylor ("Taylor") and Cathy Wooten ("Wooten") sued appellee the City of El Dorado, Arkansas ("the City"), in the Union County Circuit Court for violations of the Arkansas Whistle-Blower Act ("AWBA"). The City petitioned the circuit court for summary judgment, and the circuit court granted the motion, dismissing the case in its entirety. Appellants bring this appeal challenging the circuit court's order granting the City summary judgment. Specifically, the appellants argue the circuit court erred (1) in addressing only one of the three different kinds of activities protected under the AWBA its order; (2) by weighing the evidence in favor of the City instead of the nonmoving party; (3) by weighing the evidence, ignoring factual disputes, ignoring facts, and drawing inferences against the appellants and for the City after appellants made a prima facie case as to the

causal connection between their protected activities and their termination; (4) in finding the City had met its burden of proving a legitimate, nondiscriminatory reason as to why it fired either Taylor or Wooten; and (5) in failing to find that the appellants established pretext. We affirm the circuit court's order granting summary judgment in favor of the City.

I. *Relevant Background*

On February 25, 2014, Taylor began her employment with El Dorado Water Utilities. By August of that year, Taylor was promoted to customer-service manager. Her responsibilities included overseeing customer-service operations, including billing. On June 12, 2015, Taylor received a written warning from Mark Smith, the general manager at the time, related to performance deficiencies, including billing issues stemming from delayed meter reading that resulted in the issuance of several credits being issued to customers. Taylor's supervisory authority over billing and meter reading was temporarily removed. However, one month later, Taylor was back in her position over the billing department due to the extended personal leave taken by another employee.

On December 28, 2015, Wooten began working for El Dorado Water Utilities as a billing assistant. She trained in various functions, including use of a system known as "Eye On Water" to monitor customer usage. While using this system, Wooten noticed discrepancies in billing and the amount of water actually used by customers. Wooten brought this to the attention of Mark Smith. It was discovered that in 2015, El Dorado Water Utilities failed to complete a billing cycle for one of its districts, resulting in approximately $87,000 in uncollected solid-waste fees.

In July 2017, the El Dorado City Council abolished the El Dorado Water and Sewer Commission and placed the utility under the supervision of the Department of Public Works. Robert Edmonds served as Director of Public Works, and Buddy Kinney was appointed interim general manager. After assuming oversight, Edmonds asked Taylor about the $87,000 in uncollected funds and directed her to address the issue. Later that month, on July 24, 2017, Taylor received a call from City Councilwoman Diane Hammond. Hammond stated one of her tenants had a leak and received a water bill totaling $142. Taylor explained to Hammond that the tenant did not qualify for a leak adjustment because the tenant had not lived at the residence for twelve months. Hammond informed Taylor she would be contacting Edmonds. Later that day, Kinney informed Taylor she needed to credit the customer's account $150 at Edmonds's request.

Around this same time, while the company was undergoing management transition, another employee who was not a party to this lawsuit reported that employees had scrapped outdated equipment such as meters and aerators and had used the proceeds to fund employee meals, including fish fries, and that approximately $2,000 had accumulated from the sale of scrap equipment for this purpose. Taylor later reported her own concerns regarding the scrapping practices and the $2,000 fish-fry fund to Kinney but did not report the matter to Edmonds. In November 2017, Wooten reported the scrapping of meters to Edmonds and informed him the money obtained from the scrapped meters was funding the employee fish fries.

On November 20, 2017, Edmonds terminated Taylor's employment following a meeting in which they discussed the outstanding $87,000 from the missed billing cycle that still had not been recovered. On December 18, 2017, Wooten's employment was terminated. The City asserted that her position had been eliminated.

On February 9, 2018, Taylor filed suit alleging violations of the AWBA and that she had been terminated as a result of reporting the scrapping of materials to fund employee fish fries. The complaint was amended on May 11, 2018, to add Wooten as a plaintiff for the same reason. On June 28, 2024, the City moved for summary judgment. On August 12, 2024, appellants responded and dismissed all claims except those arising under the Act. A hearing was held on October 10, 2024, and on October 15, the circuit court entered an order granting summary judgment in favor of the City.

In its order granting summary judgment in favor of the City, the circuit court found there was no communication to an appropriate authority under the AWBA, no evidence of substantial waste, and no causal connection between any alleged protected activity and appellants' terminations.

II. *Standard of Review*

A motion for summary judgment should be granted only when, in light of the pleadings and other documents before the circuit court, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 991 S.W.2d 552 (1999). When

reviewing whether a motion for summary judgment should have been granted, the appellate court determines whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Bomar v. Moser*, 369 Ark. 123, 127, 251 S.W.3d 234, 239 (2007). Once the moving party has established a prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001). This court also evaluates whether reasonable minds could differ in their interpretation of the facts. *Thomas v. Stewart*, 347 Ark. 33, 60 S.W.3d 415 (2001).

### III. *Discussion*

Given that this case arises under the AWBA, we begin with a brief overview of the statutory framework. The AWBA is codified at Arkansas Code Annotated sections 21-1-601 to -610 (Repl. 2022 & Supp. 2025). Section 21-1-603 prohibits a public employer from taking adverse action against a public employee because the employee communicates in good faith to an appropriate authority either (1) the existence of waste of public funds, property, or manpower or (2) a violation or suspected violation of law. Ark. Code Ann. § 21-1-603(a)(1). To prevail, a plaintiff must establish, by a preponderance of the evidence, that he or she suffered an adverse action because of engaging in protected activity. Ark. Code Ann. § 21-1-604(c).

5

To prevail under the AWBA, appellants had to demonstrate not only that they engaged in protected activity but also that the adverse action (their terminations) occurred *because* of that activity. This causal connection is essential; without it, a claim under the AWBA cannot survive summary judgment regardless of any dispute concerning other elements. With respect to Taylor, the evidence is insufficient to create a genuine issue of material fact that her termination was causally connected to any alleged protected communication. Most notably, there is no evidence that the decision maker, Edmonds, had knowledge of Taylor's purported report regarding the scrapping practices. Given that Taylor reported the scrapping practices to Kinney, not Edmonds, and Edmonds made the decision to terminate Taylor, the causal connection cannot be established. Absent such knowledge, a causal link cannot exist. A decision-maker cannot act "because of" a communication of which he is unaware. Even setting that deficiency aside, the record reflects a consistent, nonretaliatory basis for Taylor's termination: her failure to address the approximately $87,000 in uncollected funds from the missed billing cycle. Although Edmonds acknowledged in his deposition that he did not immediately recall every detail of the termination years later, he consistently identified this issue as the basis for his decision. A lapse in memory over time does not create a genuine issue of material fact, particularly where the underlying reason for termination is supported by contemporaneous evidence in the record.

Wooten's claim likewise fails for lack of causation. The undisputed evidence shows that her position was eliminated due to a lack of sufficient work. The record shows that her

duties did not justify a full-time position and that she was often required to create tasks for herself. Appellants offer no evidence linking this decision to any alleged protected activity. Instead, the record demonstrates a legitimate, nonretaliatory restructuring decision.

In sum, appellants have failed to present evidence from which a reasonable fact-finder could conclude that their terminations occurred because of any alleged protected activity. Without proof of causation, their claims under the AWBA cannot survive summary judgment. Accordingly, because the absence of a causal connection is dispositive, we hold that the circuit court did not err in granting summary judgment, and we affirm on that basis.

While the appellants also argued the circuit court erred in finding that Taylor did not communicate her findings to a proper authority under the AWBA, and the amount of waste reported was not substantial, we do not address these arguments because we find that appellants did not meet their burden of proving causation.

Affirmed.

TUCKER and MURPHY, JJ., agree.

*Luther Oneal Sutter* and *Lucien R. Gillham*, for appellants.

*Fuqua Campbell, P.A.*, by: *David M. Fuqua*, *Annie Depper*, and *Harper Kiefer*, for appellee.